

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*Ashley Super Pitts*
*Assistant United States Attorney*

ASP/PL AGR
2017R00916

*402 East State Street, Room 430*
*Trenton, New Jersey 08608*

March 17, 2025

**RECEIVED**

**JUL 2 2 2025**

AT 8:30_____M

CLERK, U.S. DISTRICT COURT - DNJ

Diane C. Bass, Esq.
The Law Office of Diane C. Bass
5440 Trabuco Rd.
Irvine, California 92620

Criminal Number: 25-474-01 (MAS)

Re:      Plea Agreement with Fahad Bhatti

Dear Ms. Bass:

This letter sets forth the plea agreement between your client, Fahad Bhatti ("BHATTI"), and the United States Attorney for the District of New Jersey ("this Office"). If BHATTI does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from BHATTI to a three-count Information, which charges BHATTI with two counts of wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts One and Two), and one count of conspiracy to commit money laundering contrary to Title 18, United States Code Sections 1956(a)(1)(B)(i), and in violation of Title 18, United States Code, Section 1956(h) (Count Three). If BHATTI enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BHATTI for money laundering and fraudulently obtaining loans from the Payment Protection Program between June 2020 and May 2021.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BHATTI even if the applicable statute of limitations period for those charges expires after BHATTI signs this agreement, and BHATTI agrees not to assert that any such charges are time-barred.

Sentencing

The violations of Title 18, United States Code, Section 1343, to which BHATTI agrees to plead guilty in Counts One and Two of the Information carries a statutory maximum prison sentence of 20 years on each count and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses on each count.

The violation of Title 18, United States Code, Section 1956(h), to which BHATTI agrees to plead guilty in Count Three of the Information, carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greater of (1) $500,000, or (2) twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer.

The prison sentences on Counts One, Two, and Three may run consecutively to each other or to any prison sentence BHATTI is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BHATTI is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BHATTI ultimately will receive.

Further, in addition to imposing any other penalty on BHATTI, the sentencing judge as part of the sentence:

(1) will order BHATTI to pay an assessment of $100 per count ($300 total) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order BHATTI to pay restitution pursuant to 18 U.S.C. § 3663A;

(3) may order BHATTI, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to, *inter alia*, 28 U.S.C. § 2461(c);

(5) pursuant to 18 U.S.C. § 3583, may require BHATTI to serve a term of supervised release of not more than three (3) years on each of Counts

One, Two, and Three, which will begin at the expiration of any term of imprisonment imposed. Should BHATTI be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BHATTI may be sentenced to not more than two (2) years' imprisonment on Counts One, Two, and Three in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. Any such sentences of imprisonment imposed upon a violation of BHATTI's supervised release on Counts One through Three may be imposed to run consecutively to each other.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, BHATTI agrees to pay full restitution to the victim(s) of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses in an amount that fully compensates the victims for the losses sustained as a result of those offenses in the amount of $2,389,719.54. The victim(s) will be identified at or before sentencing.

Forfeiture

As part of his acceptance of responsibility, and (1) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), BHATTI agrees to forfeit to the United States all of his right, title, and interest in all property, real or personal, that constitutes or is derived from proceeds traceable to the wire fraud charged in Counts One and Two of the Information, and (2) pursuant to 18 U.S.C. § 982(a)(1), BHATTI agrees to forfeit to the United States all right, title, and interest in any property, real or personal, involved in the money laundering offense charged in Count Three of the Information. BHATTI further agrees that the aggregate value of such property was $2,389,719.54; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the proceeds obtained by BHATTI (the "Forfeiture Amount"), in an amount not to exceed $2,389,719.54 (the "Money Judgment"). BHATTI consents to the entry of an order requiring BHATTI to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to BHATTI prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. BHATTI further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute

assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Forfeiture Amount shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating BHATTI's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

BHATTI waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BHATTI understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. BHATTI waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of BHATTI's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

BHATTI further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If BHATTI fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that BHATTI has intentionally failed to disclose assets on his Financial Disclosure Statement, BHATTI agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BHATTI by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BHATTI's activities and relevant conduct with respect to this case.

Stipulations

      This Office and BHATTI will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

      This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

      If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

      As set forth in Schedule A and the paragraph below, this Office and BHATTI waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

      BHATTI understands that, if BHATTI is not a citizen of the United States, BHATTI's guilty plea to the charged offenses will likely result in BHATTI being subject to immigration proceedings and removed from the United States by making BHATTI deportable, excludable, or inadmissible, or ending BHATTI's naturalization. BHATTI understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BHATTI wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause BHATTI's removal from the United States. BHATTI understands that BHATTI is bound by this guilty plea regardless of any immigration consequences. Accordingly, BHATTI waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BHATTI also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty

plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BHATTI. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude BHATTI from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between BHATTI and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

JOHN GIORDANO
United States Attorney

s/ Ashley Super Pitts

By: Ashley Super Pitts
Assistant U.S. Attorney

APPROVED:

Martha K. Nye
Attorney-In-Charge, Trenton Office

      I have received this letter from my attorney, Diane C. Bass, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 3/25/2025
Fahad Bhatti

      I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 3/25/25
Diane C. Bass, Esq.
Counsel for Defendant

<u>Plea Agreement With Fahad Bhatti</u>

<u>Schedule A</u>

1.　　This Office and Fahad Bhatti ("BHATTI") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.　　The version of the Guidelines effective November 1, 2024 applies in this case.

<u>Count One: Wire Fraud</u>

3.　　The applicable guideline for Count One is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7. *See* U.S.S.G. § 2B1.1(a)(1).

4.　　The offense level is increased by 8 levels because the loss exceeded $95,000 but was less than $150,000. *See* U.S.S.G. § 2B1.1(b)(1)(E).

5.　　The offense level is increased by 2 levels because a substantial part of the fraudulent scheme was committed from outside the United States and/or the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. *See* U.S.S.G. § 2B1.1(b)(10).

6.　　The parties agree that the Adjusted Base Offense Level for Count One is 17.

<u>Count Two: Wire Fraud</u>

7.　　The applicable guideline for Count Two is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7. *See* U.S.S.G. § 2B1.1(a)(1).

8.　　The offense level is increased by 8 levels because the loss exceeded $95,000 but was less than $150,000. *See* U.S.S.G. § 2B1.1(b)(1)(E).

9.　　The offense level is increased by 2 levels because a substantial part of the fraudulent scheme was committed from outside the United States and/or the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. *See* U.S.S.G. § 2B1.1(b)(10).

10.　　The parties agree that the Adjusted Base Offense Level for Count Two is 17.

<u>Count Three: Conspiracy to Commit Money Laundering</u>

11.　　The applicable guideline for Count Three is U.S.S.G. § 2S1.1, which requires the application of U.S.S.G. § 2B1.1, which is the applicable guideline for

the underlying offense (procurement of the approximate $2,389,719.54 in fraudulent Payment Protection Program loans) from which the laundered funds were derived and for which BHATTI would be accountable under U.S.S.G. § 1B1.3 (a)(1)(A) (Relevant Conduct). *See* U.S.S.G. § 2S1.1(a)(1).

12.  This guideline carries a Base Offense Level of 7. *See* U.S.S.G. § 2B1.1(a)(1).

13.  The offense level is increased by 16 levels because the loss exceeded $1,500,000 but was less than $3,500,000. *See* U.S.S.G. § 2B1.1(b)(1)(I).

14.  The offense level is increased by 2 levels because a substantial part of the fraudulent scheme was committed from outside the United States and/or the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means. *See* U.S.S.G. § 2B1.1(b)(10).

15.  The offense level is increased by 2 levels because the defendant was convicted under 18 U.S.C. § 1956. *See* U.S.S.G. § 2S1.1(b)(2)(B).

16.  The parties disagree as to whether BHATTI was a minor participant in the criminal activity. BHATTI reserves the right to argue that the offense level is decreased by 2 levels because he was a minor participant in the criminal activity. *See* U.S.S.G. § 3B1.2. This Office reserves the right to oppose the argument that BHATTI was a minor participant.

17.  Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted above, the Adjusted Base Offense Level for Count Three is either 25 or 27.

<u>Grouping of Multiple Counts</u>

18.  Pursuant to U.S.S.G. § 3D1.2(d), the counts of conviction are grouped together.

19.  Pursuant to U.S.S.G. § 3D1.3(b), the offense level applicable to the Group is, depending upon the sentencing court's resolution of the open Guidelines issue noted above, either 25 or 27, as it reflects the highest offense level.

20.  As of the date of this letter, BHATTI has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if BHATTI's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

21.  As of the date of this letter, BHATTI has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of

his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in BHATTI's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) BHATTI enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that BHATTI's acceptance of responsibility has continued through the date of sentencing and BHATTI therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) BHATTI's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

22. If BHATTI establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 20 or 22; otherwise, BHATTI's total Guidelines offense level will be 22 or 24.

23. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted above, the total Guidelines offense level applicable to BHATTI is either 20 or 22 if he satisfies the criteria in U.S.S.G. § 4C1.1, or 22 or 24 otherwise (the "Total Offense Levels").

24. Each party agrees not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issue noted above minus the two-level downward variance as outlined in Paragraph 22, and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

25. If the term of imprisonment does not exceed 41 months, and except as specified in the next paragraph below, BHATTI will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 41 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

      26.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).